UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARLA JOHNSON-MACIEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-754 |
| | § | |
| SAM'S EAST, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are a motion for leave to designate a responsible third party and a motion to dismiss filed by defendant Sam's East, Inc. ("Sams"). Dkts. 10, 16. Plaintiff Darla Johnson-Maciel failed to respond to either motion.[1] Having considered the motions, other relevant documents in the record, and applicable law, the court is of the opinion that Sams's motion for leave to designate a responsible third party should be GRANTED and its motion to dismiss should be GRANTED.

### I. BACKGROUND

This is a personal injury case.[2] Johnson-Maciel alleges that she sustained injuries after an unidentified third party grabbed her purse from her vehicle while she was pumping gas at a Sam's Club. Dkt. 1 at 3. On February 5, 2018, Johnson-Maciel sued Sams in state court for premises

---

[1] Johnson-Maciel is unopposed to Sams's motions. S.D. Tex. L.R. 7.4 ("A failure to respond will be taken as a representation of no opposition.").

[2] For the purposes of the motion to dismiss, the court accepts all well-pled facts contained in Johnson-Maciel's third amended complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

liability and negligence.³ Dkt. 1 at 3. Johnson-Maciel contends that the conditions on the property posed an unreasonable risk of harm to invitees like herself. Dkt. 14 at 2. Johnson-Maciel also argues that Sams failed to maintain the premises in a reasonably safe condition. *Id.* at 3. She alleges that the cause of the incident was a result of Sams's ongoing negligent activity on the premises and not the condition of the premises. *Id.*

Sams removed this case on March 8, 2018. Dkt. 1. On May 1, 2018, Sams filed a motion to designate John Doe 1 and John Doe 2 as responsible third parties. Dkt. 10. On June 15, 2018, Sams filed a motion to dismiss Johnson-Maciel's negligent activity claim. Dkt. 16.

## II. MOTION FOR LEAVE TO DESIGNATE A RESPONSIBLE THIRD PARTY

### A. Legal Standard

In Texas, the trier of fact shall apportion responsibility between "(1) each claimant; (2) each defendant; (3) each settling person; and (4) each responsible third party who has been designated under Section 33.004." Tex. Civ. Prac. & Rem. Code Ann. § 33.003. Section 33.004 allows defendants to designate an unknown person that committed a criminal act as a responsible third party. *Id.* § 33.004(j).

The court shall grant leave to designate the unknown person as a responsible third party if: "(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal; (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure." *Id.*

---

³Johnson-Maciel initially alleged other claims that have been dismissed in subsequent pleadings. *See* Dkt. 14.

2

**B.   Analysis**

Sams moves for leave to designate John Doe 1 and John Doe 2 as responsible third parties under Texas's proportionate responsibility statute. Dkt. 10 at 4. Johnson-Maciel failed to respond or object to the motion. Section 33.004 unequivocally states that a court "shall" grant a motion for leave to designate the unknown person as a responsible third party if the defendant meets the statutory requirements. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(j). Sams has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal. Both parties agree that Johnson-Maciel was assaulted by an unknown third party, a clear criminal act. Dkts. 10, 14. Then, another unknown party aided the criminal act by driving the get-away car. Dkt. 10 at 3. Further, Sams's allegations are sufficient to give fair notice of the claim involved, satisfying the pleading requirements of the Texas Rule of Civil Procedure. *See* Tex. R. Civ. P. 47(a), 45(b). Sams has stated in its answer all the identifying characteristics concerning the unknown third parties currently in its possession. Dkt. 10 at 5 (citing Dkt. 6). Because Sams has met the statutory requirements for designating John Doe 1 and John Doe 2 as responsible third parties and Johnson-Maciel failed to object to the motion, Sams's motion for leave to designate a responsible third party is GRANTED.

### III. MOTION TO DISMISS

**A.   Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court

does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009). "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp.2d 654, 658 (S.D. Tex. 2012).

**B.  Analysis**

Sams moves to dismiss Johnson-Maciel's negligence claim. Under Texas law, "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (footnotes omitted). Sams argues that Johnson-Maciel cannot recover for negligence because she alleges no ongoing activity by Sams that directly harmed her. Dkt. 16 at 4. Sams asserts that Johnson-Maciel bases her claim on a condition (inadequate security measures on the premises), rather than an activity. *Id.* at 7.

When a landowner fails to provide adequate security against criminal conduct on the

4

premises, a plaintiff's claim is for premises liability. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). Similar to Johnson-Maciel, the plaintiff in *Timberwalk* alleged that she was injured in her apartment because her landlord failed to provide adequate security. *Id.* at 751. The court in *Timberwalk* concluded that the plaintiff did not assert she was "injured by or as a contemporaneous result of any activity of defendants." *Id.* at 753. Therefore, the plaintiff alleged a premises liability claim rather than a negligent activity claim. *Id.*

Johnson-Maciel claims that her injury was a cause of Sams's ongoing negligent activity on the premises, not the condition of the premises at the time of her injury. Dkt. 14 at 3. But a plaintiff is only able to recover on a claim for negligent activity when the plaintiff has suffered injuries by or as a contemporaneous result of the activity by the defendant rather than by a condition created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Johnson-Maciel alleges that Sams's negligent activity created the unsafe condition. See Dkt. 14 at 3. This is precisely the type of claim that falls under premises liability, rather than negligent activity. *See Keetch*, 845 S.W.2d at 264. Thus, Sams's motion to dismiss Johnson-Maciel's negligence claim is GRANTED.

## IV. CONCLUSION

Sams's motion for leave to designate a responsible third party (Dkt. 10) is GRANTED. Sams's motion to dismiss Johnson-Maciel's negligence claim (Dkt. 16) is GRANTED. That claim is DISMISSED WITH PREJUDICE. Johnson-Maciel's only remaining claim is premises liability.

Signed at Houston, Texas on July 18, 2018.

Gray H. Miller
United States District Judge

5